**In re the Petition for DISCIPLINARY ACTION AGAINST F. Dean LAWSON, an Attorney at Law of the State of Minnesota.**

No. C9–91–705.

Supreme Court of Minnesota.

May 20, 1991.

ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent, F. Dean Lawson, has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent represented a client in a workers' compensation matter for which respon-

dent was awarded a specific amount of attorney fees; that, pursuant to the order of the Workers' Compensation Court of Appeals, a portion of the attorney fees were to be paid to respondent by the workers' compensation insurer on a weekly basis by withholding a certain percentage from the clients' weekly benefit checks; that respondent failed to monitor properly his receipt of the court ordered attorney fees; that the weekly payments continued for 3 years beyond the point when respondent had been paid in full and resulted in an overpayment of nearly $8,000; that during the 3 year period of overpayment, respondent's client called twice to inquire whether respondent had been paid in full; that respondent failed on both occasions to check his records, but assured the client that the insurer would discontinue the withholding when it had paid in full the attorney fees owing respondent; that the insurer discovered the overpayment in October 1990 and requested that respondent reimburse his client for the overpayment; that respondent, without the knowledge or consent of his client, responded to the insurer's request by bringing a motion to compel the insurer to repay the amounts wrongfully withheld to the client, but failed to request payment of interest on the amounts wrongfully withheld; that the court ordered the insurer to repay the amounts wrongfully withheld to respondent's client and ordered respondent to reimburse the insurer for the overpayment; and that, after the commencement of these disciplinary proceedings, respondent paid his client more than $900 in interest on the amounts wrongfully withheld.

Along with the petition, the Director filed a stipulation for discipline between the Director and respondent. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and admitted the allegations of the petition as summarized above. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsi-

bility, is a public reprimand. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, F. Dean Lawson, hereby is publicly reprimanded pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.